## SARAH AHOÏ *v.* J. C. PACHECO.

APPEAL FROM DISTRICT MAGISTRATE OF NORTH KONA.

SUBMITTED OCTOBER 17, 1914.                    DECIDED OCTOBER 24, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

JUDGMENT—*partition—res adjudicata—replevin.*

K, one tenant in common, built a house on the undivided lands, after which, in partition, the land upon which the house stood was allotted to another cotenant without reservation to K of the house; held, the decree is *res adjudicata,* and binding upon K.

### OPINION OF THE COURT BY QUARLES, J.

Plaintiff commenced an action in the district court of North Kona, in replevin, to recover possession of a certain house situated on the land of Holualoa 1, alleged to be personal property of the value of $250, together with $30 damages for alleged unlawful detention by defendant. The defendant filed a plea in bar which, after amendment, was based on the ground that the suit being for recovery of real estate the court had no jurisdiction. The plea was not supported by affidavit as required by Rule 15 of this court and the district magistrate properly overruled the same. At the trial the plaintiff testified that the house was built by her husband, Kaiawe, since deceased; that she had bought the house from all of the heirs of Kaiawe and had possession of it until June 8, 1914; that she learned that the land on which the house was situated had been allotted to defendant, asked his permission to remove the house which he refused, and that defendant took exclusive possession of the house on June 8, 1914, and has held same ever since; that she had been damaged in consequence thereof in the sum of $30. One other witness testified to plaintiff's having asked defendant's permission to move the house. The parties filed a stipulation of facts from which it appears that the lands of the ahupuaa of Holualoa 1 and 2 were for a number of years prior

to the beginning of the action held by tenants in common; that a suit to partition same was commenced in equity in the first judicial circuit and an interlocutory decree of partition entered early in the year 1914 partitioning a portion of said lands; that Kaiawe was one of the tenants in common and died prior to the decree of partition; that said Kaiawe built the house and that plaintiff had bought the interest of all of his heirs in the house; that plaintiff and defendant were tenants in common with others in the land prior to the partition and both are allottees in the said decree of partition; that the particular portion of said lands upon which the house stands was allotted in said interlocutory decree to the defendant. The district magistrate gave judgment for the plaintiff for the restitution of said house, one dollar damages and costs, from which the defendant has appealed to this court on points of law which are, in effect, that the house, not having been severed from the realty, is not subject to replevin, and that the partition decree is *res adjudicata*. The defendant in proper person has filed a brief. There is no appearance for the plaintiff.

The general rule is that a house built upon land becomes appurtenant thereto and a part thereof,—in other words, becomes realty. To this rule there are some exceptions. If one tenant in common builds a house upon the undivided lands with the understanding on the part of his cotenants that the house should not become a part of the land and could be removed at the will of the tenant erecting it the law would treat it as personal property, but no showing of that kind is made here. The plaintiff and defendant are both parties to the partition suit and both are bound by the interlocutory decree so long as it remains in force. The identical portion of the land upon which the house stands having been allotted to the defendant, without reservation to the plaintiff of the house, said house must be regarded as part of the land and the question of its ownership as *res adjudicata*. It therefore follows that the judgment of the district court was erroneous.

The judgment is reversed with costs to the appellant and the case is remanded to the district court with instructions to enter judgment in favor of the defendant.

No appearance for plaintiff.

Defendant in proper person.